```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**SIRPREDRICK SHARKEY,**

                        **Petitioner,**

          v.                                              CASE NO. 20-3322-SAC

**SHANNON MEYER,**

                        **Respondent.**

### ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, foll. 28 U.S.C. § 2254, and directs petitioner to show cause why this matter should not be dismissed as barred under the governing limitation period.

### Background

Petitioner entered a guilty plea to a charge of aggravated robbery in the District Court of Sedgwick County. He was sentenced on December 22, 2008. Petitioner filed an appeal, but the appeal was dismissed on January 15, 2009, upon his request.

According to materials appended to the petition, petitioner filed a motion to withdraw the plea and correct manifest injustice approximately three years later (Doc. 1-1, pp. 14-15). The motion was denied on February 28, 2012. Petitioner did not appeal. *Id*. On August 19, 2014, he filed a motion to correct illegal sentence; the motion was denied on November 18, 2014. In May 2015, petitioner filed a

post-conviction action under K.S.A. 60-1507[1]. That matter was denied on July 1, 2015, and petitioner did not appeal.

In October 2020, petitioner applied for clemency. That application is pending.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" does not conclude until the availability of direct appeal to the state courts and request for review to the Supreme Court

---

[1] The action was assigned Case No. 2015-cv-001368-IA.

have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable

circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

In this case, petitioner's appeal was dismissed voluntarily on January 15, 2009, and the limitation period began to run. According to the materials submitted to the court by petitioner, the next motion by petitioner was filed approximately three years later. Therefore, the one-year limitation period was not tolled by any action, and it expired in early 2010.

Accordingly, the present petition was not filed within the limitation period and is subject to dismissal on that ground. Petitioner is directed to show cause why this matter should not be

dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **February 1, 2021,** to show cause why this matter should not be dismissed as barred by the limitation period.

**IT IS SO ORDERED.**

DATED:  This 4th day of January, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge