**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SIRPREDRICK SHARKEY,**

                      **Petitioner,**

        **v.**                                        **CASE NO. 20-3322-SAC**

**SHANNON MEYER,**

                        **Respondent.**

## ORDER OF DISMISSAL

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On January 4, 2021, the court directed petitioner to show cause why this matter should not be dismissed due to his failure to timely file the petition. Petitioner submitted a response. For the reasons that follow, the court concludes this matter must be dismissed.

### Background

Petitioner entered a guilty plea to a charge of aggravated robbery in the District Court of Sedgwick County. He was sentenced on December 22, 2008. He filed an appeal, but the appeal was dismissed on January 15, 2009, upon his request.

According to materials appended to the petition, petitioner filed a motion to withdraw the plea and correct manifest injustice approximately three years later (Doc. 1-1, pp. 14-15). The motion was denied on February 28, 2012. Petitioner did not appeal. *Id*. On August 19, 2014, he filed a motion to correct illegal sentence; the motion was denied on November 18, 2014. In May 2015, petitioner filed a post-conviction action under K.S.A. 60-1507. That matter was denied on July 1, 2015, and petitioner did not appeal.

### Discussion

As explained in the order to show cause, this petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). After the dismissal of petitioner's appeal in January 2009, he did not seek additional relief until approximately three years later, after the limitation period expired. Therefore, this matter may proceed only if petitioner is entitled to equitable tolling.

Equitable tolling is available only when the petitioner has diligently pursued his claims for relief and shows that the failure to timely present them in habeas corpus was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). While petitioner argues that he has had difficulty in understanding the law and learning how to present his claims, these grounds do not allow him to proceed after the expiration of the limitation period. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") and *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"). Having considered the record, the court finds petitioner is not entitled to equitable tolling and concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as barred by the limitation period.

**IT IS SO ORDERED.**

DATED:  This 3rd day of February, 2021, at Topeka, Kansas.

```
                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge
```